UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| SAMANTHA WATKINS | PLAINTIFF |
| v. | CIVIL ACTION NO. 4:20-CV-142-JMV |
| ANDREW SAUL,<br>*Commissioner of Social Security* | DEFENDANT |

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling announced on the record at the conclusion of oral argument held in this matter on July 16, 2021, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record.

Citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000), Plaintiff contends the ALJ engaged in improper picking and choosing because the ALJ did not properly consider her mental impairments, migraine headaches, exertional limitations, and her work activity during the relevant period. Pl.'s Br. 4-11. An ALJ "must consider all the record evidence and cannot 'pick

and choose' only the evidence that supports his position." *Loza,* 219 F.3d at 393. Despite acknowledgment of this authority, the Court is unpersuaded by Plaintiff's arguments.

1. Mental Impairments

Plaintiff first argues the ALJ engaged in improper "picking and choosing" because he found that her therapist Ms. Jacqueline Jones's opinion was only partially persuasive. Pl.'s Br. 5-6. On July 12, 2018, Ms. Jones noted that Plaintiff had a "good" ability to maintain personal appearance and behave in an emotionally stable manner; a "fair" ability to follow work rules, interact with supervisors, function independently, perform simple job instructions, relate predictably in social situations, and demonstrate reliability; but a "poor" ability to relate to co-workers, deal with the public, use judgment, deal with work stresses, maintain attention and concentration, and perform complex job instructions. Tr. 419. Ms. Jones stated that Plaintiff had attempted to work but was terminated due to job performance, not following instructions, anger issues, and difficulty getting along with others. Tr. 420.

Because the ALJ found, among other things, that Ms. Jones's opinion was inconsistent[1] with Dr. Pamela Buck's opinion that the claimant was able to understand, remember, and carry out instructions and seemed able to respond appropriately to coworkers and supervisors in a work environment and Plaintiff's own testimony that she worked part-time at McDonald's for approximately a year and a half (and until her doctor advised her to quit due to physical as opposed to mental complaints),[2] the Court agrees with the Commissioner that the ALJ satisfied

---

[1] Consistency is one of the most important factors the ALJ considers when evaluating a medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Ultimately, the ALJ satisfied his duty to consider Ms. Jones's opinions and explain why he found them only partially persuasive based on the supportability of the opinions and their consistency with the other evidence. Tr. 24; 20 C.F.R. § 416.920c(b).

[2] A claimant's ability to perform remunerative work activity is relevant, regardless of whether it was at the level of substantial gainful activity. *Steward v. Bowen*, 858 F.2d 1295, 1300 n.7 (7th Cir. 1988) (claimant's continuing to

his duty to consider Ms. Jones's opinion and provided an explanation for his finding of persuasiveness in accordance with the regulations. Furthermore, substantial evidence supports the mental limitations included in the RFC.

Plaintiff also argues that the ALJ did not properly consider whether her mental impairments prevented her from maintaining employment on a sustained basis. Pl.'s Br. 6-7. The Fifth Circuit has clarified that an affirmative finding that an individual can maintain employment is necessary only when an individual's "ailment waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). Absent such a showing, the RFC subsumes the determination that an individual can maintain employment. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). Because Plaintiff has failed to point to evidence in the record showing her impairments waxed and waned in manifestation of "disabling symptoms," no separate finding regarding her ability to maintain employment was necessary. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (no need for a specific finding addressing the ability to maintain employment "absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter").

2. Migraines

Plaintiff argues that the ALJ erred at step two by finding that her migraine headaches did not represent a severe impairment. Tr. 18-19; Pl.'s Br. 8-9. As stated in the regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). As interpreted by

---

perform part-time work may be considered in determining whether a claimant was disabled); *Johnson v. Bowen*, 864 F.2d 340, 347-48 (5th Cir. 1988) (working despite impairments properly considered).

the Fifth Circuit, "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education [,] or work experience."). *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (internal citations omitted).

Because the record contains very few treatment records during the relevant period showing reports of headache symptoms, the Court finds the ALJ's non-severity finding is supported by substantial evidence. Indeed, the record contains only one ER visit on July 17, 2018, and one treatment visit on September 25, 2019[3], where the claimant reported migraine headaches. And, in her brief the claimant only points to the July 17, 2018, record and records that reference past head trauma and a traumatic brain injury to support her claim that her migraine headaches were a severe impairment. Moreover, during the administrative hearing, the claimant made no mention of migraine headaches. The claimant's reliance upon cases that have found error where an ALJ failed to recognize "other objective medical signs" of headaches avails her little because she points to no medical signs associated with her migraines. *See* Pl.'s Br. 8-9.

Finally, even assuming the ALJ should have included migraine headaches in Plaintiff's list of severe impairments, Plaintiff has not shown that remand is warranted because she has made no showing of prejudice resulting from this purported error. Stated differently, Plaintiff points to no evidence in the record supporting the existence of functional limitations attributable to her migraines that should have been accounted for in the RFC. The alleged failure to consider an impairment cannot serve as the basis for remand if the claimant does not show the presence of harmful error by identifying specific, work-related limitations resulting from that impairment.

---

[3] Treatment records indicate the claimant described her headache on this visit as "mild." Tr. 722.

*Heck v. Colvin*, 674 F. App'x 411, 414 (5th Cir. 2017). Plaintiff bears the burden of showing harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). She failed to do so here.

      3. Exertional Limitations

Arguing that the ALJ erred in his assessment of her exertional limitations, Plaintiff cites a one-paragraph opinion completed by Dr. William Booker which stated that Plaintiff was unable to work, walk, lift, or ambulate for more than two to four hours and that she had chronic back, neck, shoulder, and extremity pain. Tr. 569; Pl.'s Br. 9. As the ALJ recognized, Dr. Booker's statement that Plaintiff was unable to work is a statement on an issue reserved to the Commissioner. Tr. 25, 569; 20 C.F.R. § 416.920b(c)(3)(i). Such a statement is not a medical opinion, and the regulations direct that it is neither valuable nor persuasive evidence, and the ALJ is not required to provide any analysis of his consideration of such a statement in the decision. 20 C.F.R. § 416.920b(c)(3)(i). However, the ALJ did address Dr. Booker's statement that he considered Plaintiff unable to work, and the ALJ did not err by declining to find this statement persuasive. Tr. 25, 569.

As to the remainder of Dr. Booker's opinion, the ALJ explained that the opinion was not persuasive because it was not supported by Dr. Booker's own treatment records or radiological reports. Tr. 25, 569. The Court agrees with the Commissioner's assessment that objective findings in Dr. Booker's treatment notes do not support his medical source statement. Likewise, diagnostic test results are inconsistent with Dr. Booker's source statement. Furthermore, the Court notes that during the administrative hearing, the claimant testified that despite problems with her right shoulder, back, knees and hip, she was not taking any medication for these problems (Tr. 42). Also, state agency medical consultants determined Plaintiff had no severe physical impairments. As with consistency, supportability is one of the most important

5

factors in determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Plaintiff presents no further substantive argument on this issue beyond her counsel's opinion that an RFC "that permitted that the claimant . . . [could] perform a full range of work at all exertional levels" is "bizarre[,] . . . considering . . . a prior determination limited her to sedentary work."[4] Accordingly, I find this argument without merit.

4. Work Activity During the Relevant Period

Lastly, Plaintiff argues the ALJ improperly used the fact she was working part-time to discount the severity of her impairments and suggests she was only able to work because of accommodations afforded her. The Court agrees with the Commissioner that the ALJ properly considered that Plaintiff continued to perform part-time work after her alleged onset date. Tr. 22-25; *Murray v. Astrue*, 419 F. App'x 539, 541 (5th Cir. 2011) (unpublished) (ALJ may consider an individual's ability to perform part-time work during the relevant period) (*citing Vaughan v. Shalala,* 58 F.3d 129, 131 (5th Cir. 1995)). And, although this activity did not rise to the level of SGA,[5] Plaintiff's ability to work part-time during the relevant period supports the ALJ's determination that the intensity, persistence, and limiting effects of Plaintiff's symptoms on her ability to work were not limiting to the degree alleged by Plaintiff. Finally, Plaintiff presents no legal authority to support her suggestion the ALJ erred by failing to credit her testimony that her co-workers helped her perform some of her work tasks[6]—as opposed to having been provided official work accommodations by her employer. *See Frisby v. Colvin*, 632 Fed. App'x 226, 228

---

[4] Plaintiff has made no attempt to show that the prior administrative decision she references is relevant under the facts of this case.

[5] Plaintiff incorrectly argues in her brief the ALJ used her income to discount her claim as the ALJ expressly found earnings from her work did not meet SGA. Pl.'s Br. 10-11.

[6] Plaintiff testified: "My coworkers had to help me move fast because I move slow. . . . It was on a regular basis, through my whole shift." Tr. 43.

(Mem) (5th Cir. 2016) (unpublished) (finding claimant failed to meet burden under the regulations to show her employer permitted her to work at a lower level of productivity or consented to or was aware of alleged accommodations).

For the foregoing reasons, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this, the 21st day of July, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE